NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re LAMBETH MAGNETIC STRUCTURES, LLC,**
*Petitioner*

---

2026-142

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Pennsylvania in No. 2:16-cv-00538-CB, Judge Cathy Bissoon.

---

**ON PETITION**

---

Before PROST, MAYER, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

## O R D E R

Lambeth Magnetic Structures, LLC petitions for a writ of mandamus to direct the United States District Court for the Western District of Pennsylvania to vacate its order staying this patent infringement action pending resolution of ongoing ex parte reexamination ("EPR") of the asserted patent claims.  Respondents (collectively, "Seagate") oppose.  Lambeth replies.  We deny the petition.

In 2016, Lambeth filed this suit accusing Seagate of infringing U.S. Patent No. 7,128,988.  Following a trial, a

jury found that the asserted claims were not invalid and not infringed. On appeal, this court, in September 2025, vacated and remanded for a new trial because the judgment rested on an erroneous claim construction.

On remand, Seagate requested EPR and, at the court's invitation following failed mediation efforts, moved to stay the litigation. After the EPR proceedings were instituted and after considering the traditional factors used to analyze stay motions, s*ee Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016), the district court granted the motion, noting a stay "could simplify the case and preserve resources, should the" EPR "modify or eliminate some or all" of the asserted claims and that a stay "could reduce or even eliminate the considerable resources necessary to retry the case." App'x 3–4.

A district court has considerable discretion in deciding how to manage its docket, including when parallel proceedings involving the same patent claims are before the United States Patent and Trademark Office. *See Murata*, 830 F.3d at 1362 (noting that "district courts have broad discretion to manage their dockets"). On mandamus, we will not disturb a stay determination absent a clear and indisputable right to relief. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Lambeth has not made that showing.

The district court recognized that a stay could risk the availability of live testimony from key witnesses given age and health concerns but balanced that risk against the benefit that a stay could simplify the litigation. Because the court found it was likely a stay would reduce the issues or even spare the parties, the public, and the courts the expense of a retrial and that a stay would not otherwise unduly prejudice Lambeth because it was not competing with Seagate, the court found that, on balance, a stay was warranted. We are not prepared to disturb that case-specific determination on limited mandamus review.

Lambeth argues that Seagate's delay in filing for EPR was a clear tactical advantage and thus counsels heavily against a stay. The district court, however, considered Lambeth's arguments and reached the opposite conclusion. It explained that "given the Federal Circuit's recent claim construction decision prompt[ed] Defendants to seek reexamination for the first time, the Court does not agree that the delay is improper or reflective of an attempt to manipulate the process to gain an unfair tactical advantage." App'x 3. Lambeth has not shown the district court clearly and indisputably erred in reaching that conclusion.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

July 7, 2026
Date

Jarrett B. Perlow
Clerk of Court